## Case No. 12,147.

### RUSSEL v. UNION INS. CO.

[1 Wash. C. C. 440.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

NEW TRIAL — ERROR — WHEN APPLICATION TO BE MADE.

Motion for a new trial, on the ground that the court had allowed a record of a foreign court of admiralty, to go to the jury as evidence; the same not having been legal testimony. The record had been read on the trial, without objections. The court refused to grant a new trial, as the application is too late.

[Cited in Allen v. Blunt, Case No. 217.]

This cause came on upon a rule for a new trial. [Case No. 12,146.] The ground was, that the court was mistaken in point of law, in stating that the papers, which respected the interest of the plaintiff, in the record of the admiralty court at Halifax, was evidence, and therefore, that the plaintiff, not having proved his interest by other evidence, ought not to recover.

Tilghman & Dallas, in favour of the motion, contended, that as the sentence and proceedings, were clearly legal evidence, the defendant's counsel, could not properly have objected to the reading of the whole record; but still, the papers found on board, were not proper evidence, and their omitting to object to the reading of them, did not make them evidence. That in argument, this was contended for, and that that was the proper stage of the cause, to make the objection. Where a record is offered in evidence, the whole must be read. Gilb. Ev. 19, 23. We informed the plaintiff's counsel, before the trial came on. that we should object to their proving the interest by that record.

Ingersoll & Rawle, against the motion. The time to object to improper evidence, is, when it is offered; but it comes too late, after the counsel have begun to sum up; and if part of a record be improper, the objection should be made when it is offered to be read.

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice. I am sorry that this motion is made; for, though every care should be taken to protect insurance companies against frauds, and to give them every legal advantage, where they are legally exonerated from the risk, yet they ought, I think, to refrain from objections which have an appearance of being captious. If, however, they choose to make such, they must, like all other suitors, be entitled to the benefit of them, where they are well supported. It was on this account, that I thought it highly proper, at the trial, that they should allow the record to be read through, without objection, as it was plain, that the defendants relied upon a legal question of great difficulty, connected with the merits; which was, whether the plaintiff had an insurable interest or not? I think the counsel are not obliged, in any case, to make objections, which go merely to form, and which are only calculated to produce delay, or to turn the other party around, to bring another action: and, one or the other of these, would have been the case, had the objection been made in time. The case might have been different, had there been any well grounded reason to question the authenticity of these papers. But, who could doubt, that the papers found on board this vessel, showing the interest of Cruset in the cargo, in consequence of the responsibility he had entered into for the owners, were true and genuine? How else could she have been released? Having a bill of lading for the whole cargo, why should he send with it papers, to prove that he had only a special interest, unless such was the fact? I do not admit, that all the papers and evidence, found in a record of a court of admiralty, form a part of that record, or must necessarily be read, in an action between insured and insurer, because the sentence is read. The sentence and proceedings are certainly proper, to show the condemnation, and the grounds upon which the court proceeded. But, it does not follow, that every paper stuffed into the record, unconnected with the condemnation, and affecting third persons only, must of course be read, if the sentence be.

If an objection was intended to be made to the evidence of the papers found on board, and set forth in the record; it ought to have been taken, when an attempt was made to read them; or at any rate, before the counsel for the plaintiff had finished his opening. Were a different rule to be pursued, great inconveniences and irregularities would follow. If it appeared, that injustice had been done, in consequence of the reading of these papers, it would be a sufficient reason for setting aside the verdict. But there is no ground laid for such a suggestion; and therefore, the verdict ought to stand.

PETERS, District Judge, concurred. He added, that he thought, as Cruset had, in his letter, which was shown to the company, stated, that these papers would be on board, that he was bound to have them there; and, it appearing by the record that they were so,

strengthened the position of the plaintiff's counsel, that they were proper evidence.

Rule discharged.